# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 11, 2011

No. 10-50493
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JORGE PALMA-PORTILLO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:09-CR-403-2

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Jorge Palma-Portillo appeals his conviction for aiding and abetting possession with intent to distribute marijuana, arguing that the district court abused it discretion in giving a "deliberate ignorance" jury instruction. Palma-Portillo's participation in suspicious activities, his inconsistent statements, and his statement that he thought the circumstances were "kind of weird," were sufficient to infer that he had subjective awareness that his conduct was illegal. *See United States v. Nguyen*, 493 F.3d 613, 620 (5th Cir. 2007); *see also United*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*States v. Conner*, 537 F.3d 480, 486-87 (5th Cir. 2008).  The evidence further established that the circumstances were extremely suspicious and that Palma-Portillo's failure to inquire further "suggests a conscious effort to avoid incriminating knowledge." *See United States v. Ricardo*, 472 F.3d 277, 286 (5th Cir. 2006).  Therefore, the district court did not abuse its discretion in determining that the evidence warranted a deliberate ignorance instruction. *See id.*

Palma-Portillo asserts that the district court erred in denying his motion for a judgment of acquittal.  Because Palma-Portillo timely moved for a judgment of acquittal and renewed his motion at the close of all the evidence, he is entitled to de novo review.  *See United States v. Floyd*, 343 F.3d 363, 370 (5th Cir. 2003).  Viewing the evidence and the inferences that may be drawn from it in the light most favorable to the verdict, a rational jury could have found that Palma-Portillo aided and abetted the possession with intent to distribute the marijuana beyond a reasonable doubt. *See United States v. Clark*, 577 F.3d 273, 284 (5th Cir.), *cert. denied*, 130 S. Ct. 809 (2009).  Palma-Portillo's guilty knowledge may be inferred from his inconsistent statements to agents in which he initially minimized his actions. *See United States v. Villarreal*, 324 F.3d 319, 324 (5th Cir. 2003).  His statement that he knew only a little Spanish was refuted by other evidence and further demonstrates guilty knowledge. *See id.* The jury could also consider Palma-Portillo's denial of knowledge of the marijuana to be implausible given his actions and as circumstantial proof of his guilty knowledge. *See Nguyen*, 493 F.3d at 618.  He went to a remote area near the United States border with Negro and Perro and seven other men that he met on the street in Ojinaga, Mexico.  They crossed the river, retrieved heavy burlap backpacks, carried the backpacks at night for about four days in cold, rainy and snowy weather through very rough, mountainous terrain, and slept during the day at a distance from the backpacks with the backpacks hidden under brush. He did not ask any questions or discuss the contents of the backpacks with the

other men even though he thought the circumstances were "kind of weird." After the agents found the backpacks, they continued to follow the same tracks that had led them to the backpacks for about 500 yards and discovered the men sleeping;  Palma-Portillo admitted that he and seven other men had carried heavy backpacks through the area for about four days and that the backpacks were hidden while they slept.  Although Palma-Portillo testified that he is a Tarahumaran Indian with no education and no knowledge of marijuana, his testimony established that he did not live in such isolated conditions that he had no contact with the outside world.  It was for the jury to determine whether Palma-Portillo's testimony was credible as we do "not weigh evidence or assess the credibility of witnesses."  *See United States v. Ramos-Cardenas*, 524 F.3d 600, 605 (5th Cir. 2008).  Viewing the evidence in the light most favorable to the Government, a rational factfinder could find beyond a reasonable doubt that Palma-Portillo aided and abetted the possession with intent to distribute of the marijuana that agents found in the burlap backpacks.  *See United States v. Guanespen-Portillo*, 514 F.3d 393, 396-97 (5th Cir. 2008).

AFFIRMED.